UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FERNANDO LINARES BELTRANENA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-cv-01457 (PLF) |
| ) | |
| HILLARY RODHAM CLINTON, in her ) | |
| official capacity as the Secretary of State ) | |
| for the United States of America ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Defendant Hillary Rodham Clinton, Secretary, United States Department of State, by and through her undersigned counsel, respectfully moves the Court pursuant to Federal Rule of Civil Procedure 26(c) for a protective order prohibiting all discovery in this case, including Plaintiff's recently served interrogatory requests. The grounds for this motion are that the discovery sought by Plaintiff is inappropriate, unduly burdensome and premature; Defendant should not be subjected to discovery in this Freedom of Information Act ("FOIA") case before being given an opportunity to file her motion for summary judgment, which will potentially be dispositive of Plaintiff's cause of action.

In support of this motion, the Court is referred to the accompanying memorandum of points and authorities. A proposed order consistent with this motion is attached hereto.

Dated: January 28, 2010                     Respectfully submitted,


    _/s/_____
CHANNING D. PHILLIPS, D.C. BAR #415793
United States Attorney

    __/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    __/s/_____
MITCHELL P. ZEFF, D.C. BAR #494066
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7352
Fax: (202) 514-8780
Email: Mitchell.Zeff@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FERNANDO LINARES BELTRANENA, )<br>   )<br>   Plaintiff, )<br>   )<br>   v. )<br>   )<br>HILLARY RODHAM CLINTON, in her )<br>official capacity as the Secretary of State )<br>for the United States of America )<br>   )<br>   Defendant. )<br>   ) | Case No. 1:09-cv-01457 (PLF) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

In this action, commenced pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Plaintiff seeks access to records relating to the denial of his visa application by the United States Department of State. Following an Order from this Court on December 23, 2009 requiring Defendant to produce to Plaintiff a Vaughn Index, along with all non-exempted, responsive documents on or before February 12, 2010 and establishing a briefing schedule for dispositive motions,[1] Plaintiff served seven interrogatory requests on Defendant on January 5, 2010.  See Exhibit A, attached hereto.  Inasmuch as the discovery sought by Plaintiff would be entirely inappropriate at this time, Defendant now moves the Court, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order prohibiting the discovery Plaintiff seeks, as well as any other discovery in this case, pending Defendant's filing a motion for summary judgment and the Court's ruling on such a motion.  For the reasons set forth below, Defendant respectfully requests that the Court grant her motion for a protective order.

---

[1] The Court ordered the parties to file dispositive motions on or before February 19, 2010; oppositions on or before March 2, 2010; and replies, if any, on or before March 11, 2010.

**ARGUMENT**

Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part that:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery; . . .
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . .

The discovery rules vest broad discretion in the district court with respect to control of the discovery process and, where necessary, the courts may grant appropriate orders to deny, limit or qualify discovery in order to protect a party from undue burden or expense or to promote the ends of justice. Id.; Marine Petroleum Co. v. Champlin Petroleum Co., 641 F.2d 984, 991 (D.C. Cir. 1980). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); Fed. R. Civ. P. 26(c).

Moreover, in contrast to the wide-ranging discovery common in other types of lawsuits, discovery in a FOIA suit is circumscribed, if available at all. See Pub. Citizen Health Research Group v. Food and Drug Administration, 997 F. Supp. 56, 72 (D.D.C. 1998) (holding that "[d]iscovery is to be sparingly granted in FOIA actions"), rev'd in part on other grounds, 997 F. Supp. 56 (D.C. Cir. 1999); Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions") (citation omitted). Where discovery is available, it is limited to genuine factual disputes regarding whether the agency conducted an adequate search for responsive documents, indexed all the responsive records, or whether the agency complied with all applicable procedures and other similar aspects of the agency's administrative FOIA process. Safecard Services, 926 F.2d at 1200-02; Taylor v. Babbitt, 2009

WL 4795837 at *2 (D.D.C. Dec. 15, 2009) ("[I]n the exceptional case in which a court permits discovery in a FOIA action, such discovery should only occur after the government has moved for summary judgment"); Murphy v. FBI, 490 F. Supp. 1134, 1136 (D.D.C. 1980). Thus, although it is well established that discovery may, at times, be appropriate and necessary in FOIA litigation, it is certainly within the sound discretion of the court to forego discovery and consider a motion for summary judgment without it. Goland v. CIA, 607 F.2d 339 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980) (discovery should be denied altogether if the Court is satisfied from the agency's affidavits that no factual disputes remain).

Here, the exercise of the Court's discretion to prevent the proposed discovery is warranted. Plaintiff's interrogatories seek to re-litigate his FOIA Complaint before the Vaughn index has even been produced. Tax Analysts v. IRS, 410 F.3d 715, 722 (D.C. Cir. 2005) ("[Plaintiff's] demand for further inquiry into the substance of the documents would, if granted, turn FOIA on its head, awarding [Plaintiff] in discovery the very remedy for which it seeks to prevail in the suit"). Not only are Plaintiff's interrogatories premature, but none of them meet the limited test for granting discovery in a FOIA case. Moreover, to permit discovery under these circumstances would result in the diversion of agency resources from the processing of other FOIA requests, in order to respond to unnecessary discovery. To do so would permit Plaintiff's action to operate to the great disadvantage of other FOIA requesters, who would have to wait longer for their requests to be processed while the State Department is forced to respond to unnecessary discovery.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court grant its motion for a protective order.

Respectfully submitted,

/s/_____
CHANNING D. PHILLIPS, D.C. BAR #415793
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
MITCHELL P. ZEFF, D.C. BAR #494066
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7352
Fax: (202) 514-8780
Email: Mitchell.Zeff@usdoj.gov