1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FERNANDO LINARES BELTRANENA,

        *Plaintiff,*

        v.

U.S. DEPARTMENT OF STATE,

        *Defendant.*

No.  1:09-cv-01457 BJR

ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

This Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.*, case comes before the court on Defendant's Renewed Motion for Summary Judgment [Docket No. 27; Filed June 11, 2011] ("Renewed Motion"). Plaintiff responded [Docket No. 28; Filed June 23, 2011] ("Opp."), and Defendant replied [Docket No. 29; Filed July 8, 2011] ("Reply"). The Renewed Motion is now ripe for resolution. At issue is the U.S. Department of State's (the "Department"), response to Plaintiff Fernando Linares Beltranena's FOIA request for documents relating to the denial of his application for a Non-Immigrant Visa ("NIV"). For the reasons set forth below, the court grants Defendant's Renewed Motion for Summary Judgment.

ORDER-1

## I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff Fernando Linares Beltranena is a resident and citizen of Guatemala and an attorney who does business in the United States. On November 13, 2006, Mr. Beltranena submitted a Non-Immigrant Visa application ("NIV") to the Defendant, the United States Department of State. On May 8, 2007, the Department's Consul General in Guatemala notified Mr. Beltranena that his application had been denied on the basis of a permanent ineligibility for a U.S. Visa under Section 212(a)(C)(ii) of the Immigration and Nationality Act, which bars from entry into this country any citizen of a foreign country who the immigration office believes has played a role in the illicit trafficking of a controlled substance.

On September 12, 2007, Mr. Beltranena submitted a FOIA request to the Department for the reasons and evidence related to the refusal of his 2006 Visa application, as well as the reasons and evidence relating to the revocation of a US Visa that had been issued to him in 2003. The Department responded on December 20, 2007, stating that it would begin the processing of his request. Mr. Beltranena's FOIA request was assigned the Department's internal case control number 200705478. By e-mail dated February 14, 2008, the Department informed Mr. Beltranena that it had initiated searches in three file systems: Central Foreign Policy Records (the principal record system of the Department of State; Office of Visa Services; and the U.S. Embassy in Guatemala. The email contained a status report on the request:

> The search in the Office of Visa Services has been completed and the Office of Visa Services will be responding to you directly once the material has been reviewed. The Central Foreign Policy Record search has been completed, and is currently being prepared for review. The search of the U.S. Embassy in Guatemala has not been completed.

---

[1] The "Factual and Procedural Background section of this Opinion has been adapted from the March 17, 2011 Memorandum Opinion in *Beltranena v. Clinton*, 770 F. Supp. 2d 175 (D.D.C. 2011) issued by Judge Paul L. Friedman.

ORDER-2

On March 6, 2008, the Department's Office of Visa Services informed Mr. Beltranena that it had searched its records, located, and reviewed 10 documents relating to his FOIA request. The Office of Visa Services withheld nine of those documents in full and one document in part,[2] explaining:

> The 10 documents in question pertain to State Department records relating to the application for a visa or permit to enter the United States. As such, they are separately protected from disclosure by Section 222(f) [of the Immigration and Nationality Act] and are exempt from release by the (b)(3) exemption to the [FOIA]. However, . . . we agree to release one document in part, as this document originated with you or someone acting on your behalf, and release would therefore not breach its confidentiality.

The Office of Visa Services noted that Mr. Beltranena could appeal its decision to withhold those records to the Chairman of the Department's Appeals Review Panel. By letter of April 2, 2008, Mr. Beltranena was informed that "[t]he search of the Central Foreign Policy Records was completed, resulting in the retrieval of three documents responsive to the FOIA request. This letter stated that all three of the documents would be withheld in full. The Department stated that it would withhold two of the documents pursuant to FOIA's exemption for matters that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and . . . are in fact properly classified pursuant to such Executive order[.]" 5 U.S.C. §552(b)(1). Additionally, the Department indicated that it would withhold all three documents pursuant to FOIA's exemption prohibiting the disclosure, in defined circumstances, of matters that are "specifically exempted from disclosure by statute[.]" 5 U.S.C. §552(b)(3).[3] This letter likewise informed Mr. Beltranena of his right to appeal the decision.

---

[2] FOIA exempts certain types of information from disclosure. *See* Section II(A) and (C), below, for a discussion of the application of exemptions in this case.

[3] In determining what information to withhold, the Department eventually relied upon the FOIA exemptions set forth in 5 U.S.C. §552(b)(1),  5 U.S.C. §552(b)(3),  5 U.S.C. §552(b)(5),  5 U.S.C. §552(b)(6), 5 U.S.C.

ORDER-3

On April 11, 2008, Mr. Beltranena filed an appeal. Nearly a year later, on March 17, 2009, Mr. Beltranena inquired about the status of his appeal. The Department responded on April 13, 2009, stating that it expected Mr. Beltranena's appeal to be reviewed in the near future. The Department also explained that because it had failed to respond to his appeal within twenty days, Mr. Beltranena was deemed to have exhausted his administrative remedies, and was free to seek judicial review. Mr. Beltranena filed his complaint on August 3, 2009. His complaint requests declaratory and injunctive relief to compel the disclosure and release of agency records he alleges were improperly withheld by the Department.

On December 8, 2009, several months after Mr. Beltranena filed his complaint, the Department informed him by letter that it had completed its search of the records of the United States Embassy in Guatemala City, Guatemala. According to the Department, that search resulted in the retrieval of 13 documents responsive to Mr. Beltranena's FOIA request. The Department informed Mr. Beltranena that eleven of those documents were being withheld in full, one document was being released with excisions, and one document needed to be reviewed by another agency. Furthermore, the Department indicated that additional disclosures could now be made, and that it had identified additional responsive documents, specifically:  (1) a document previously withheld in part could now be released in full; (2) one additional document had been retrieved from the Central Foreign Policy Records and was being released in part; and (3) twenty-nine additional documents had been retrieved from the Office of Visa Services — twenty six of which were being withheld in full, one was being released in part, and two were being released in full.

§552(b)(7)(C), 5 U.S.C. §552(b)(7)(D), 5 U.S.C. §552(b)(7)(F). Third Declaration of Margaret P. Grafeld, ¶¶ 25-74. *See* Section II(A), below, for the full text of each of these exemptions.

ORDER-4

On December 23, 2009, U.S. District Court Judge Paul L. Friedman ordered the Department to produce to Mr. Beltranena a *Vaughn* index,[4] along with all non-exempt, responsive documents by February 12, 2010, and set a briefing schedule for dispositive motions. *See* Minute Order, Dec. 23, 2009. On January 5, 2010, Mr. Beltranena served seven interrogatories on the Department. In response, the Department filed a motion for a protective order, requesting that the court prohibit the discovery sought by Mr. Beltranena, as well as any other discovery in this case, pending the resolution of the Department's forthcoming motion for summary judgment. The Department moved for partial summary judgment, attaching the Declaration of Margaret P. Grafeld ("First Declaration of Margaret P. Grafeld") in support. In its motion, the Department argued that it released all non-exempt responsive documents to Mr. Beltranena, except for one document that was at that time pending review by another agency. The Department subsequently filed a supplemental motion for summary judgment, addressing the one outstanding document, attaching a supplemental *Vaughn* declaration from Ms. Grafeld ("Second Declaration of Margaret P. Grafeld"). The Department indicated that the document at issue had been reviewed by the United States Drug Enforcement Administration ("DEA") and that the DEA had determined that the document was in fact properly a record of the Department. The Department then reviewed the document and decided that it should be withheld in full. In short, the Department identified a total of fifty-six documents that it determined to be responsive to Mr. Beltranena's FOIA request. Fifty of those documents have been withheld in full; three have been withheld in part and disclosed in part; and three have been released in full.

---

[4] In *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), the D.C. Circuit court required a non-disclosing party to provide an itemized log correlating documents withheld in full or in part, with the reasons justifying the agency's refusal. This log has become known as a "*Vaughn* index."

ORDER-5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

On March 17, 2011, Judge Friedman issued an Opinion and Order, *Beltranena v. Clinton*, 770 F.Supp.2d 175 (D.D.C. 2011), granting Defendant's motion for a protective order and denying both of Defendant's motions for summary judgment without prejudice. [Docket No. 27] Judge Friedman reviewed the Department's two *Vaughn* declarations, and was underwhelmed by the lack of detail provided by Ms. Grafeld. *Id.* at 183. For example, in these two declarations, Ms. Grafeld did not describe the persons who performed the searches or how the searches were performed. *Id.* Ms Grafeld stated only that three file systems had been searched and that responsive records were discovered. *Id.* Judge Friedman characterized Ms. Grafeld's statements as "conclusory," and found them lacking in detail sufficient to assure the court that the Department had conducted searches reasonably calculated to uncover all relevant documents. *Id.* "To satisfy its burden, the Department must describe what records were searched, by whom, and through what process[.]" *Id.* at 184 (internal quotation marks and citations omitted). Judge Friedman deferred consideration of the exemptions claimed. *Id.* at 184, fn.5. However, he noted that even assuming that the exemptions were properly applied, the declarations contained statements regarding segregability that were inadequate to meet the Department's obligation in this regard. *Id.* at 185-86. For many of the documents that the Department alleged were protected from disclosure pursuant to an exemption, all that Ms. Grafeld offered was a brief note in the last paragraph of the first declaration stating that the Department has "determined that no additional, meaningful, non-exempt information can be released from the documents withheld in full or part." *Id.* at 186. Judge Friedman therefore found that the Department had not met its obligation to show that it had disclosed all reasonably segregable information. *Id.* Judge Friedman ordered the Department to supplement its declarations to: (1) demonstrate that it performed adequate

ORDER-6

searches for documents responsive to the request; and (2) provide detailed explanations, document by document, of the Department's segregability determinations. *Id.* at 187.

On June 9, 2011, Defendant filed a renewed motion for summary judgment, attaching the Third Declaration of Margaret P. Grafeld. This revised declaration incorporates by reference Ms. Grafeld's previous declarations. The Department seeks summary judgment, contending that it conducted reasonable searches for responsive records, properly withheld documents pursuant to exemptions to FOIA, and complied with its obligations to produce segregable material. Mr. Beltranena disagrees with each of these assertions. He seeks the court's permission to conduct discovery, and asks the court to perform an *in camera* review of the documents withheld by the Department. Opp. at 1. In addition, in the event that the court grants the Department's motion, Mr. Beltranena seeks an award of attorneys' fees and costs. Opp. at 1.

On September 1, 2011, this case was reassigned to Judge Barbara Jacobs Rothstein. The issues remaining for resolution on this renewed motion are as follows: (1) whether the Department has demonstrated that it conducted searches that were reasonably calculated to uncover all relevant, responsive documents; (2) whether the Department has adequately justified its application of FOIA exemptions; (3) whether the Department has discharged its obligation to provide Mr. Beltranena with all information that is "reasonably segregable;" (4) whether discovery is warranted; (5) whether the court should perform an *in camera* examination of the information withheld by the Department pursuant to FOIA exemptions; and finally, (6) whether Mr. Beltranena is entitled to an award of attorneys' fees.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## II.     ANALYSIS

### A.  THE FREEDOM OF INFORMATION ACT AND SUMMARY JUDGMENT

FOIA imposes a duty on federal agencies to make all records promptly available to any person "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed[.]" 5 U.S.C. §552(a)(3).  FOIA is based on the premise that an informed citizenry is "vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978); *see also Department of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (purpose of FOIA is "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny") (internal quotations and citation omitted). Consequently, "disclosure, not secrecy, is the dominant objective of the Act." *Dep't of Air Force v. Rose*, 425 U.S. at 361. At the same time, FOIA contains nine delineated exemptions that prohibit the disclosure of certain information to the public. 5 U.S.C. §552(b).

5 U.S.C. §552(b) provides, in relevant part:

> This section does not apply to matters that are--
> (1) (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order; . . .
>  (3) specifically exempted from disclosure by statute (other than section 552b of this title), if that statute--
> (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and
> (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph. . . .

ORDER-8

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, . . . or (F) could reasonably be expected to endanger the life or physical safety of any individual[.]

The focus of FOIA is "information, not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material." *Krikorian v. Dep't of State*, 984 F.2d 461, 467 (D.C.Cir. 1993) (citation and internal quotation marks omitted). Therefore, FOIA also imposes on federal agencies a duty to provide a requester all non-exempt information that is "reasonably segregable." 5 U.S.C. § 552(b). Non-exempt portions of documents must be disclosed unless they are "inextricably intertwined with exempt portions." *Mead Data Central, Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977) (citations and internal quotation marks omitted).

The court will grant a motion for summary judgment if the pleadings, the disclosure materials on file, and any affidavits or declarations show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the

ORDER-9

moving party's affidavits or declarations may be accepted as true unless the opposing party submits its own affidavits or declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

FOIA cases frequently are decided on motions for summary judgment. *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). A district court reviews *de novo* an agency decision regarding a FOIA request. 5 U.S.C. § 552(a)(4)(B). In a FOIA case, a court may award summary judgment based solely on information provided in affidavits or declarations so long as the affidavits or declarations are "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal quotations marks omitted), and "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [FOIA's] inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal quotations and citation omitted).

### B. Adequacy of the Search for Responsive Documents

Mr. Beltranena challenges the adequacy of the Department's search for documents responsive to his FOIA request. He argues that the Department has failed to demonstrate with sufficient detail that the "scope and method of the Defendant's searches were reasonably calculated to uncover all relevant documents[.]" Opp. at 8. Mr. Beltranena complains in particular of the absence of references to searches of individual email accounts and workstations,

except for those at the U.S. Embassy in Guatemala. Opp. at 8. But as the Department states in support of its renewed motion, FOIA does not require a "perfect search that uncovers every responsive document that might possibly exist." Reply at 3. In analyzing the adequacy of a FOIA search, the court is guided by principles of reasonableness. *Oglesby v. Army*, 920 F.2d 57, 68 (D.C.Cir.1990). To obtain summary judgment on the issue of the adequacy of the records search, an agency must show that, looking at the facts in the light most favorable to the requester, the agency's search was "reasonably calculated" to uncover relevant documents. *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C.Cir.1984) (citations omitted). *See also Oglesby*, 920 F.2d at 68 (agency must show "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested"); *Shaw v. State Dep't*, 559 F.Supp. 1053, 1057 (D.D.C.1983) (agency's search need not be exhaustive, merely reasonable). To carry this burden, the agency may submit affidavits or declarations that, in reasonable detail and in a non-conclusory fashion, set forth the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C.Cir.1982). In the absence of evidence to the contrary, such affidavits or declarations are sufficient to show an agency's compliance with FOIA. *Id.* at 127.

Ms. Grafeld's Third Declaration successfully establishes the adequacy of the Department's searches in response to Mr. Beltranena's FOIA request. The court will not repeat all of the relevant facts recounted at length by Ms. Grafeld, but it notes in particular that Ms. Grafeld states that the Department conducted nine searches in four records systems, and that she clearly identifies who performed the searches, as well as their qualifications and experience. She also explains how the searches were performed. Third Declaration of Margaret P. Grafeld, ¶¶ 3-24. She provides the terms it used to search the records systems, which included various

ORDER-11

arrangements of Mr. Beltranena's name. *Id.* The court finds that Ms. Grafeld's Declaration is neither conclusory nor lacking in detail. The record clearly demonstrates a good faith effort on the part of the Department to respond to Mr. Beltranena's FOIA request "using methods which can be reasonably expected to produce the information requested." *Oglesby¸* 920 F.2d at 68. Consequently, the court cannot agree with Mr. Beltranena's critique of the Department's efforts. Moreover, the court finds that the Department has successfully addressed the concerns Judge Friedman outlined in *Beltranena v. Clinton*, 770 F.Supp.2d 175 (D.D.C. 2011). Judge Friedman expressed dismay at the lack of detail provided in the First and Second Declarations of Margaret P. Grafeld, noting that she had failed to provide the requester or the court with details about who performed the searches or how the searches were performed. *Id.* at 183. This has been remedied. Judge Friedman explained that in order to carry its burden, "the Department must describe what records were searched, by whom, and through what process[.]" *Id.* at 184 (internal quotation marks and citations omitted). Ms. Grafeld has done that. The court therefore finds that the Department has shown that its searches in response to Mr. Beltranena's FOIA request were reasonably calculated to uncover responsive documents.

Mr. Beltranena believes himself entitled to propound discovery relative to the adequacy of the search and review process. Opp. at 9-10. Discovery is generally disfavoured in FOIA cases. *Judicial Watch, Inc. v. Dep't of Justice*, 185 F.Supp.2d 54, 65 (D.D.C. 2002). In the instant matter, where the court has determined that the Department's search was adequate to satisfy the requirements of FOIA, discovery is unnecessary.

## C.  Application of FOIA Exemptions and Segregability

It is incumbent upon an agency withholding information pursuant to an exemption to justify its determination. *Beck v. DOJ*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). To satisfy this

burden, an agency may provide a requester with a *Vaughn* index. *Schoenman v. FBI*, 573 F.Supp.2d 119, 133 (D.D.C. 2008). Such an index must set forth: (1) a description of each document or piece of information withheld; (2) the exemption under which the information was withheld; and (3) the exemption's relevance to the information. *Id*. Summary judgment may be granted where the agency declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor evidence of agency bad faith." *Id.* at 133-34 (citation and internal quotation marks omitted). Although the burden of proof is on the agency with respect to exemptions, agency affidavits and declarations are presumed to have been made in good faith. *Id.* at 134.

In the instant case, the Department withheld various pieces of information based on seven FOIA exemptions. Third Declaration of Margaret P. Grafeld, ¶¶ 25-74. Some pieces of information have been withheld pursuant to more than one exemption. *See, e.g.,* Third Declaration of Margaret P. Grafeld, ¶32 (describing a document exempt from disclosure under not only 5 U.S.C. §552(b)(3), but also (b)(1), (b)(6), (b)(7)(C) and (b)(7)(F)). The great majority of non-disclosures, however, are withheld pursuant to 5 U.S.C. §552(b)(3), which prohibits the disclosure of matters that are "specifically exempted from disclosure by statute," if the statute "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or . . . establishes particular criteria for withholding or refers to particular types of matters to be withheld[.]" In this case, the Department contends that Section 222(f) of the Immigration and Nationality Act forbids it from disclosing information pertaining to the issuance or refusal of Visas to the public.

Section 222(f) provides in relevant part:

ORDER-13

1
2
3
4
5
6

> The records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential and shall be used only for the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States, except that . . . (1) in the discretion of the Secretary of State certified copies of such records may be made available to a court which certifies that the information contained in such records is needed by the court in the interest of the ends of justice in a case pending before the court. 8 U.S.C. § 1202(f) (1976).

7
8

Indeed, that statute has already been held to qualify as a withholding statute under Exemption 3.

9
10
11
12
13
14
15
16
17

> Under section 222(f), the Secretary of State has no authority to disclose material to the public. In that sense the confidentiality mandate is absolute; all matters covered by the statute "shall be considered confidential." The Secretary has the discretion to disclose section 222(f) material to a court which certifies that the information is needed in the interest of justice in a pending case, but that authority does not relieve the Secretary of the mandate to treat the matter as confidential. The statute thus permits the Secretary to do only that which any agency subject to a confidentiality requirement would be required to do if it received a court order or subpoena to produce specified documents. Therefore, since the discretion granted the Secretary under section 222(f) does not relieve him of his absolute duty to keep the matters confidential, we hold that the statute qualifies as a withholding statute under Exemption 3(A).

18
19
20
21
22
23
24

*Medina-Hincapie v. Department of State*, 700 F. 2d 737, 741-42 (D.C.Cir. 1983) (footnotes, citations, and internal quotation marks omitted). The court finds it worthwhile to note that Mr. Beltranena's entire FOIA request, which seeks the reasons and evidence related to the refusal of his 2006 Visa application, as well as the reasons and evidence relating to the revocation of a US Visa that had been issued to him in 2003, is for information that is likely to be exempt pursuant to 5 U.S.C. §552(b)(3).

25

Because of a general lack of detailed information, Judge Friedman declined to rule on the applicability of the exemptions in this case. *Beltranena v. Clinton*, 770 F.Supp.2d 175, 184, fn. 5

ORDER-14

1
2
3
4
5
6
7
8
9
10
11

(D.D.C. 2011). Now that Ms. Grafeld has provided:  (1) a description of each document or piece of information withheld; (2) the exemption under which the information was withheld; and (3) the exemption's relevance to the information, the court has the information necessary to make this determination. It is clear that the Department has, in its Renewed Motion, successfully demonstrated the applicability of the claimed exemptions. For example, a description of Document G2 may be found in Ms. Grafeld's original declaration:   "Document G2 is a memorandum to the consular file at Embassy Guatemala. Undated. One page. UNCLASSIFIED . . . providing additional background biographic information about Plaintiff, together with commentary on the revocation of his visa." First Declaration of Margaret P. Grafeld at ¶57, 60. Ms. Grafeld's third declaration states that the information in Document G2:

12
13
14
15
16

> is subject to withholding in its entirety under Section 222(f) of the INA because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States. The Document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession.

17
18
19
20
21
22
23
24
25

Third Declaration of Margaret P. Grafeld at ¶29. The Department has provided a similar level of detail and information for each document containing withheld information. These declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor evidence of agency bad faith." *Shoenman*, 573 F.Supp.2d at 133-34. The court hereby finds that the Department has adequately demonstrated its justifications for the application of FOIA's exemptions and that the material withheld was properly exempt from disclosure under FOIA.

ORDER-15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Further, the court is also of the opinion that the Department has discharged its obligation to provide Mr. Beltranena with all the information that is "reasonably segregable." 5 U.S.C. § 552(b). The Third Declaration of Margaret P. Grafeld carefully outlines, on a document-by-document basis, the process by which the Department conducted its segregability determinations. Third Declaration of Margaret P. Grafeld, ¶¶25-74. The Declaration also states with respect to each piece of withheld information, that the information "contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession." *Id.* It is especially clear that the Department has discharged its obligations in this regard when comparing the Ms. Grafeld's first declaration, which Judge Friedman found to be lacking, with her third declaration. For example, Document G7 is a "printout of a report generated from a consular database entitled 'Applicant Information.' Dated January 22, 2002. One page. UNCLASSIFIED. Withheld in full. Exemption (b)(3), INA §222(f)." First Declaration of Margaret P. Grafeld at ¶64. This, like the other entries in the first declaration, provided no information on segregability, save a brief note in the last paragraph of the first declaration stating that the Department has "determined that no additional, meaningful, non-exempt information can be released from the documents withheld in full or part." First Declaration of Margaret P. Grafeld at ¶112. The Third Declaration of Margaret P. Grafeld provides an altogether different level of detail. After referring the reader to the original declaration for a description of the document, she states that Document G7

> is subject to withholding in its entirety under Section 222(f) of the INA because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States. The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession.

ORDER-16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Third Declaration of Margaret P. Grafeld at ¶31. The court is satisfied that Ms. Grafeld's third declaration adds this level of detail with respect to each document or piece of information withheld.

Moreover, review of the segregability issue under the exemption prohibiting disclosure of material for matters that are "specifically exempted from disclosure by statute[,]" 5 U.S.C. § 552(b)(3), differs somewhat from the review conducted in relation to FOIA's other exemptions. *Goland v. CIA*, 607 F.2d 339, 350 (D.C.Cir.1979). When material is withheld under the exemption contained at 5 U.S.C. § 552(b)(3), the scope of the exemption is not provided in the text of FOIA itself, but rather by the disclosure-prohibiting statute made applicable by the exemption. *Goland*, 607 F.2d at 350. Therefore, the court is mindful that while an agency must provide a "detailed justification" for the non-segregability of any material withheld, an agency is also constrained by the need to avoid compromising "the secret nature of potentially exempt information." *Mead Data*, 566 F.2d at 261. In *Medina-Hincapie v. Department of State*, 700 F.2d 737, 742 (D.C.Cir.1983), a case involving the same exemption and the same withholding statute, the D.C. Circuit held that Section 222(f) effectively prevents visa applicants from obtaining any materials beyond those that had at one time or another been in the applicant's possession. *See Medina-Hincapie*, 700 F.2d at 742 n. 20, 744 (noting that the Department of State had, prior to the court's decision, returned several documents to the applicant after it had determined that they had previously been in the applicant's possession and thus were not covered by the confidentiality limitation of Section 222(f)).

Mr. Beltranena requests that the court exercise its authority to order *in camera* review of the documents to scrutinize the Department's determinations. Although FOIA authorizes the court to examine the contents of withheld agency records "*in camera* to determine whether such

ORDER-17

records or any part thereof shall be withheld," 5 U.S.C. § 552(a)(4)(B), our Circuit has established that the "decision whether to perform *in camera* inspection is left to the 'broad discretion of the trial court judge," ' *Lam Lek Chong v. DEA*, 929 F.2d 729, 735 (D.C.Cir.1991) (quoting *Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 392 (D.C.Cir.1987)). "In camera inspection may be appropriate in two circumstances: when agency affidavits are insufficiently detailed to permit meaningful review of exemption claims, and when evidence of agency bad faith is before the court." *Lam Lek Chong*, 929 F.2d at 735. Neither circumstance is present here. The court is satisfied that the Third Declaration of Margaret P. Grafeld Declaration adequately describes the segregability analysis undertaken and provides sufficiently detailed justifications for the non-segregability of each document. The court is also confident that there is no bad faith on the part of the Department in this case. There is no evidence in the record to suggest bad faith; to the contrary, the Department has provided the court with evidence of a review that was thorough, albeit belated. Therefore, the court declines to exercise its discretion to order an *in camera* review.

### D.  Attorneys' Fees

Finally, Mr. Beltranena seeks an award of attorneys' fees. Opp. at 12. He claims a right to an assessment of fees and costs pursuant to 5 U.S.C. § 552, which provides for fees in FOIA cases to a party who substantially prevails. Mr. Beltranena asserts that he has substantially prevailed regardless of the result of the Department's Renewed Motion, because after he filed his complaint, the Department identified additional documents responsive to his FOIA request, two of which were released to him in full. Opp. at 12. The Department, on the other hand, characterizes its release of two additional documents as a sign of its good faith, rather than evidence that Mr. Beltranena has substantially prevailed. Reply at 8. *See Landmark Legal Found.*

ORDER-18

*v. EPA*, 272 F. Supp.2d 59, 63 (D.D.C. 2003) (emphasizing that the "continuing discovery and release of documents does not prove that the original search was inadequate, but rather shows good faith on the part of the agency that it continues to search for responsive documents"). Although the court appreciates that the delays encountered by Mr. Beltranena were frustrating, it agrees with the Department's analysis. In a case such as this one, where the Department has performed adequate searches for documents responsive to Mr. Beltranena's FOIA request, has properly applied exemptions and has presented evidence of a carefully-conducted segregability analysis, an award of attorneys' fees to Mr. Beltranena would be inappropriate.

## III.   CONCLUSION

Mr. Beltranena filed a Motion for Hearing on October 12, 2011. The court finds that this matter has been adequately briefed, and that a hearing would not be helpful. Therefore, the court hereby DENIES Plaintiff's Motion for Hearing. For all the foregoing reasons, the court hereby GRANTS Defendant's Renewed Motion for Summary Judgment, and DISMISSES this case in its entirety, with prejudice.

DATED this 21st day of October, 2011.

A
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER-19